IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YANN GERON, the Liquidating Trustee of the JetReady Liquidating Trust, which was established pursuant to the confirmed fifth amended plan of reorganization of ALL IN JETS, LLC d/b/a JETREADY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION; KELLY LOEFFLER, in her official capacity as Administrator of the Small Business Administration; SCOTT BESSENT, in his official capacity as United States Secretary of Treasury; and THE UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO. _____<br><br><br><br>**COMPLAINT** |

Plaintiff Yann Geron, the Liquidating Trustee ("Trustee") of the JetReady Liquidating Trust (the "Trust"), which was established pursuant to the confirmed fifth amended plan of reorganization of All in Jets, LLC, d/b/a JetReady ("All in Jets"), by and through his counsel of record, and for his claims for relief against Defendants, the United States Small Business Administration ("SBA"), Kelly Loeffler in her official capacity as Administrator of the SBA, Scott Bessent in his official capacity as United States Secretary of Treasury, and the United States of America (collectively, "Defendants"), states and alleges as follows:

**NATURE OF THE ACTION**

1.      In order to mitigate the economic devastation caused by the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Congress's purpose in adopting the CARES Act was to ensure continued employment and income for the millions of Americans employed by small

businesses.  To accomplish that critical goal, Congress created the Paycheck Protection Program ("PPP"), which authorized the SBA to guarantee hundreds of billions of dollars in loans to small businesses.  PPP loans were to be made by private lenders, and Congress pledged to forgive these loans (i.e., the federal government would reimburse the bank), provided that, *inter alia*, the borrowers used most of the proceeds to pay employees' wages.  *See* 15 U.S.C. §§ 636(a)(36), and 9005-06.

2.        "The PPP is a *new* loan program to be administered by the SBA under Section 7(a) of the Small Business Act (codified at 15 U.S.C. § 636(a)).  Its purpose is to assist small businesses during the COVID-19 crisis by immediately extending them loans on favorable terms." *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1050 (E.D. Wis. 2020) (emphasis added).  Section 1106 of the CARES Act "provides that a borrower's indebtedness under a PPP loan will be forgiven to the extent that the borrower uses the funds to pay expenses relating to payroll, mortgage interest, rent, and utilities during the eight-week period following the loan's origination." *Id.* (citing Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, 20,813-14 (Apr. 15, 2020)).

3.        Historically, prior to the CARES Act's enactment, the SBA treated certain classes of businesses as ineligible for other SBA lending programs.  *See* 13 C.F.R. § 120.110.  Aware of this, Congress purposefully intended that the CARES Act would "[i]ncrease[] eligibility" for forgivable PPP loans, *id.* § 636(a)(36)(D), making them widely available to small businesses across the commercial spectrum.  Congress did so by establishing specific, limited criteria for PPP loan guarantee eligibility and by providing unambiguously that "*any* business concern . . . *shall* be eligible" for a forgivable PPP loan if it met those criteria.  *Id.* § 636(a)(36)(D) (emphasis added).

4.      Relying on this expanded eligibility, All in Jets applied for a PPP loan in April of 2020.  The SBA approved the loan under the PPP's expanded eligibility criteria on April 16, 2020, and the lender disbursed All in Jets' PPP loan on or about April 22, 2020.

5.      "An eligible recipient **shall** be eligible for forgiveness of indebtedness," provided that at least 60 percent of the PPP loan funds are used for certain payroll expenses.  CARES Act § 1106(b), (d) (emphasis added); Paycheck Protection Program Flexibility Act ("Flexibility Act"), Pub. L. No. 116-142, 134 Stat. 641, § 3(b) (2020).  The SBA is required to reimburse the private lender for any PPP loan determined eligible for forgiveness.  CARES Act § 1106(c)(3).  PPP loan recipients must submit forgiveness applications to be considered.  *Id.* § 1106(e).  But Section 1106(b) of the CARES Act provides for forgiveness of a PPP loan only if the borrower was an "eligible recipient" of the PPP loan at the time it applied for the PPP loan.

6.      This action under the Administrative Procedure Act ("APA") challenges the SBA's wrongful determination that All in Jets was ineligible for its PPP loan.

7.      Further, the decision of the SBA's Office of Hearings and Appeals ("OHA") should be reversed as arbitrary, capricious, an abuse of discretion, and not in accordance with the law because it wrongfully denied Trustee's appeal where Trustee had provided the SBA with all information necessary to establish All in Jets' eligibility for its PPP loan and forgiveness thereof.

**PARTIES**

8.      Pursuant to the terms of that certain Liquidating Trust Agreement entered into by and between All in Jets, as chapter 11 debtor, and Trustee pursuant to the debtor's Fifth Amended Plan of Reorganization confirmed by order of the United States Bankruptcy Court for the Southern District of New York (Bankr. Case No. 20-11831-mew, docket no. 138), dated November 9, 2021, the JetReady Liquidating Trust was formed, and the Trustee was appointed as its duly authorized

legal representative. The claims asserted in this Complaint belong to the JetReady Liquidating Trust and the Trustee is fully empowered to bring them.  The Trustee maintains offices at c/o Geron Legal Advisors, LLC, 370 Lexington Avenue, Suite 1208, New York, New York 10017

9.      SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 *et seq*.  Under the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), the SBA administers the PPP.

10.     Defendant Kelly Loeffler is the Administrator of the SBA and is sued only in her official capacity.  Because she is the officer with final authority for administering the PPP within the SBA, Administrator Loeffler is a proper defendant for causes of action brought under the APA.

11.     Defendant Scott Bessent is the Secretary of the United States Department of Treasury and is sued only in his official capacity.

12.     Defendant United States of America is a proper defendant in APA cases. *See* 5 U.S.C. § 702.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

14.     Trustee has standing to seek review of the SBA's Final Loan Review Decision ("FLRD") denying All in Jets' loan forgiveness application.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e).

16.     The SBA's FLRD and the OHA's Decision are final agency actions under 5 U.S.C. § 704.

17.     Trustee is entitled to judicial review of the SBA's decision on All in Jet's loan forgiveness application, and the OHA's Decision following the appeal of the same. *See* 13 C.F.R. § 134.1211(g).

## FACTUAL BACKGROUND

18.    Trustee is the Liquidating Trustee of the Trust, which was established pursuant to the confirmed fifth amended plan of reorganization of All in Jets.

19.    All in Jets was a large body charter operator that was based in Florida, but had its principal place of business and principal assets in New York.

20.    All in Jets suffered significant harm during the COVID-19 pandemic.

21.    Federal agencies responsible for implementing the PPP had touted the program as providing payroll assistance to any business with fewer than 500 employees.  *See*, *e.g.,* SBA, *Financial Assistance from the US SBA for Small Businesses and Non-Profits*, (Mar. 31, 2020) ("Businesses . . . with 500 or fewer employees may apply."); U.S. Dep't of Treas., *Small Business Paycheck Protection Program*, (Mar. 31, 2020) ("All Small Businesses Eligible"); *see also* 15 U.S.C. § 636(a)(36)(D).

22.    In early April of 2020, in the face of financial hardship and challenging decisions, All in Jets submitted a PPP Borrower Application to First Bank of the Lake (the "Lender") for a forgivable PPP loan in the amount of $1,173,382.00 to mitigate business losses and enable it to retain its employees through the economic downturn.

23.    All in Jets was approved for its PPP loan by the Lender on April 22, 2020.

24.    On or about April 22, 2020, the SBA issued a Note to All in Jets in the full amount of its requested $1,173,382.00.

25.    The full amount of All in Jets' PPP loan was distributed to All in Jets on or about April 27, 2020.

26.    All in Jets used its loan proceeds to meet payroll and other expenses permitted by the CARES Act.  All in Jets used at least 60 percent of the loan proceeds for payroll.

27.    After receiving and utilizing its PPP loan, on August 9, 2020, All in Jets filed a voluntary petition for relief under Subchapter V of Chapter 11 of the United States Code.

28.    On August 10, 2020, the United States Trustee appointed Trustee to serve as Subchapter V trustee in All in Jets' Bankruptcy case (Bankr. Case No. 20-11831-mew, docket no. 4).

29.    Trustee served as Subchapter V trustee until November 9, 2021, when, by bankruptcy court order, he was appointed as the duly authorized Trustee of the Trust pursuant to the Fifth Amended Plan of Reorganization filed in All in Jets' chapter 11 bankruptcy proceeding.

30.    On or about November 12, 2024, as he was permitted to do so under the CARES Act, Trustee submitted a PPP Loan Forgiveness Application (Form 3508), requesting partial forgiveness of $807,221.28 of All in Jets' PPP loan amount.

31.    The Trustee requested forgiveness based on reasonable information and belief utilizing (i) the Petition filed by All in Jets in the chapter 11 bankruptcy proceeding; (ii) the proof of claim filed by the Lender; (iii) books and records of All in Jets; (iv) information obtained from All in Jets and All in Jets' representatives; (v) representations made by All in Jets' representatives; and (vi) information obtained by the Trustee during his administration of All in Jets' bankruptcy estate following his appointment.

32.    On or about November 27, 2024, Lender notified Trustee that it "kicked back" All in Jets' PPP Loan Forgiveness Application because Lender needed additional information and documentation to evaluate forgiveness eligibility.

33.    On or about May 29, 2025, Seth Bernstein, the managing member of All in Jets, submitted a declaration advising on the information Lender requested.  This declaration was later resent to the Lender on September 3, 2025.

34.     On or about December 30, 2025, the SBA referred All in Jets' matter to the U.S. Attorney's Office for the Southern District of New York.

35.     On or about January 23, 2026, the SBA submitted a document request to Lender concerning additional documents needed from All in Jets to determine forgiveness.

36.     Lender thereafter notified the Trustee that it would submit all documentation to the SBA, but made no further inquiry into the additional documentation that the SBA requested from the Lender.

37.     On or about March 18, 2026, the SBA issued its FLRD, which provided notice that the SBA determined that All in Jets was not entitled to forgiveness of its PPP loan, stating that "[All in Jets] was ineligible for the PPP loan amount."

38.     The SBA further stated as follows:

Forgiveness was denied by the lender due to insufficient documentation to support the forgiveness amount.  After a review of the forgiveness submission, the SBA agrees.  The spreadsheet provided by the borrower to justify the original loan amount does not support the amount requested by the borrower in the 2483 loan application.  The documentation provided for forgiveness consists of internal reports without supporting filed tax documents.  Additionally, the payroll amount represented in the documents does not support the forgiveness amount.  The lender requested additional documents from the borrower, and the requests went unanswered.

39.     In its FLRD, the SBA failed to identify the exact documents the Trustee did not provide that would have otherwise entitled All in Jets to forgiveness of its PPP loan.

40.     On or about April 17, 2026, the Trustee timely submitted an appeal of the SBA's FLRD to the OHA (the "Appeal"), articulating that (1) All in Jets' requested forgiveness was utilized for statutorily authorized purposes, and (2) that the SBA should be estopped from denying forgiveness.

41.    In his Appeal, the Trustee included all supporting documentation that he had provided to Lender to substantiate All in Jets' loan forgiveness application.

42.    On or about April 20, 2026, the OHA filed a Notice and Order providing the progression order for the appeal.

43.    On or about May 11, 2026, the SBA filed the Administrative Record.

44.    On or about May 21, 2026, the Trustee filed an Objection to the Administrative Record, as the Administrative Record was missing certain documents that were provided to the Lender to support and substantiate the loan forgiveness application.  These missing documents were included with the Objection to the Administrative Record.

45.    On or about May 22, 2026, the OHA overruled the Trustee's Objection to the Administrative Record, explaining that the documents identified by the Trustee were not before the SBA at the time of the FLRD was issued and not considered in rendering the FLRD.  The OHA further noted that while the documents included with the Objection to the Administrative Record were not in the Administrative Record, they were before the OHA and would be considered by the U.S. Administrative Law Judge when issuing a decision on the matter.

46.    The SBA did not file any Response to the Appeal.

47.    On or about June 5, 2026, the OHA issued an order denying the Trustee's Appeal, affirming the SBA's FLRD.  The June 5, 2026, OHA decision is attached hereto as **Exhibit A**.

48.    In the decision, the OHA held that the "SBA found [Trustee] failed to sufficiently document [All in Jets] was eligible for the loan and failed to sufficiently document having utilized the proceeds to be eligible for loan forgiveness." Ex. A, p. 10.

49.    The OHA notes that all of the funds All in Jets received were thus "excess funds." Ex. A, p. 10.

50. All in Jets reasonably relied on the SBA's approval of its PPP loan on April 22, 2020, as well as the SBA's prior representations that the PPP loans would be forgiven so long as All in Jets was eligible.

51. Trustee provided Lender with all documentation in his possession necessary to determine All in Jets' eligibility for its PPP loan.

52. Trustee further provided additional information and documentation in his Appeal and in his Objection to the Administrative Record to support eligibility for All in Jets' PPP loan as set forth in the CARES Act.

53. Notwithstanding the sufficiency of the documentation provided to the Lender, and by extension the SBA, the SBA's FLRD is arbitrary, capricious, an abuse of discretion, and not in accordance with the law because it fails to identify how the documentation that was provided was insufficient to prove eligibility and therefore forgiveness, notwithstanding the fact that the documentation that was provided substantiated payroll amounts to support All in Jets' receipt of its PPP loan.

54. Additionally, the OHA's decision on the Trustee's Objection to the Administrative Record is arbitrary, capricious, an abuse of discretion, and not in accordance with the law because the OHA failed to allow all documents submitted to the Lender and the SBA to be included in the Administrative Record, thereby negatively impacting Trustee's Appeal.

55. Further, the OHA's decision on the Appeal is arbitrary, capricious, an abuse of discretion, and not in accordance with the law because the OHA failed to issue a decision rejecting the SBA's FLRD as arbitrary, capricious, an abuse of discretion, and not in accordance with the law because Trustee had provided sufficient documentation to support both eligibility for the PPP loan and forgiveness of the same.

9

56.     Finally, the OHA's decision, along with the SBA's FLRD, deprived the Trustee of procedural and substantive due process provided under the CARES Act, because it failed to properly identify with specificity the documentation that was necessary to substantiate the denial of Trustee's PPP loan forgiveness application.

**COUNT ONE**
**Agency Action Contrary to Law**
**5 U.S.C. § 706**

57.     Trustee incorporates the foregoing paragraphs as if fully set forth herein.

58.     The APA authorizes judicial review of federal agency actions.  5 U.S.C. §702.

59.     The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id*. § 706(2)(A), (C).

60.     The CARES Act provides that "in addition to small business concerns, *any* business concern . . . *shall* be eligible to receive a covered loan," CARES Act § 1102(a)(36)(D)(i) (emphasis added), subject only to the conditions that a business meet the CARES Act's size requirement, make the required good-faith borrower certification, and have been in operation as of February 15, 2020.

61.     The CARES Act, as amended, also provides that all such "eligible recipient[s] shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses.  CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

62.     In April of 2020, All in Jets submitted its PPP Borrower Application to the Lender.

63.     All in Jets was approved for its PPP loan by the Lender on April 22, 2020.

10

64.     On or about April 22, 2020, the SBA issued a Note to All in Jets in the full amount of its requested $1,173,382.00.

65.     The full amount of All in Jets' PPP loan was distributed to All in Jets on or about April 27, 2020.

66.     All in Jets used its loan proceeds to meet payroll and other expenses permitted by the CARES Act.  All in Jets used at least 60 percent of the loan proceeds for payroll.

67.     All in Jets then filed a voluntary petition for relief under Subchapter V of chapter 11 of the United States Code.

68.     Trustee was appointed during the proceedings under Subchapter V of chapter 11 of the United States Code.

69.     On or about November 12, 2024, Trustee filed for partial forgiveness of $807,221.28 of All in Jets' PPP loan amount, for amounts that were calculated to accurately reflect the amounts All in Jets was entitled for forgiveness.

70.     Trustee then substantiated the forgiveness application with information and documentation to prove All in Jets' eligibility for its PPP loan, and forgiveness thereof.

71.     Notwithstanding the documentation that Trustee provided, on March 18, 2026, the SBA issued its FLRD, which provided notice that the SBA determined that All in Jets was not entitled to forgiveness of its PPP loan, stating that "[All in Jets] was ineligible for the PPP loan amount."

72.     The FLRD provided that the documentation submitted to support eligibility and forgiveness was insufficient but fails to identify why the documents provided could not substantiate All in Jets' PPP loan, beyond merely explaining that the spreadsheet provided did not support the amount of PPP loan funds All in Jets originally applied for.

11

73.    As Trustee noted in the documentation provided, Trustee sought only partial forgiveness of the amounts of the PPP loan and provided documentation which supported this partial amount.

74.    The FLRD fails to account for the fact that Trustee's PPP loan forgiveness application was premised on partial forgiveness only.

75.    The SBA's FLRD is arbitrary, capricious, an abuse of discretion, and not in accordance with the law, and Trustee is entitled to an order declaring the same.

## COUNT TWO
### Arbitrary & Capricious Agency Action
### 5 U.S.C. § 706

76.    Trustee incorporates the foregoing paragraphs as if fully set forth herein.

77.    The APA authorizes judicial review of federal agency actions.  5 U.S.C. §702.

78.    The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious," or "an abuse of discretion." *Id.* § 706(2)(A).

79.    On May 11, 2026, the SBA filed the Administrative Record in the underlying Appeal in front of the OHA.

80.    On May 21, 2026, the Trustee filed an Objection to the Administrative Record, as the Administrative Record was missing certain documents that were provided to the Lender to support and substantiate the loan forgiveness application.  These missing documents were included with the Objection to the Administrative Record.

81.    On or about May 22, 2026, the OHA overruled the Trustee's Objection to the Administrative Record, explaining that the documents identified by the Trustee were not before the SBA at the time of the FLRD was issued and not considered in rendering the FLRD.

12

82. The OHA further noted that while the documents included with the Objection to the Administrative Record were not in the Administrative Record, they were before the OHA and would be considered by the U.S. Administrative Law Judge when issuing a decision on the matter.

83. The OHA's May 22, 2026, decision does not explain how the documents included in the Objection to the Administrative Record were not before the SBA at the time of the FLRD.

84. By his Objection to the Administrative Record, Trustee explained that certain documents that he provided to Lender in support of his PPP loan forgiveness application were missing from the Administrative Record, and thus should be included before the OHA.

85. The SBA did not respond to the Objection to the Administrative Record to provide the OHA with an explanation as to why the documents were excluded from the Administrative Record.

86. Accordingly, the OHA's decision to overrule the Objection to the Administrative Record is arbitrary, capricious, an abuse of discretion, and not in accordance with the law, provided that the OHA failed to allow all documents submitted to the Lender and the SBA to be included in the Administrative Record, thereby negatively impacting Trustee's Appeal, and depriving Trustee of procedural and substantive due process. Trustee is entitled to an order declaring the same

**COUNT THREE**
**Arbitrary & Capricious Agency Action**
**5 U.S.C. § 706**

87. Trustee incorporates the foregoing paragraphs as if fully set forth herein.

88. The APA authorizes judicial review of federal agency actions. 5 U.S.C. §702.

89. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious," or "an abuse of discretion." *Id.* § 706(2)(A).

90.     On or about April 17, 2026, the Trustee timely submitted an appeal of the SBA's FLRD to the OHA (the "Appeal"), articulating that (1) All in Jets' requested forgiveness was utilized for statutorily authorized purposes, and (2) that the SBA should be estopped from denying forgiveness.

91.     In his Appeal, the Trustee included all supporting documentation that he had provided to Lender to substantiate All in Jets' loan forgiveness application.

92.     On or about April 20, 2026, the OHA filed a Notice and Order providing the progression order for the appeal.

93.     The SBA did not file any Response to the Appeal.

94.     On or about June 5, 2026, the OHA issued an order denying the Trustee's Appeal, affirming the SBA's FLRD.

95.     In the decision, the OHA held that the "SBA found [Trustee] failed to sufficiently document [All in Jets] was eligible for the loan and failed to sufficiently document having utilized the proceeds to be eligible for loan forgiveness."  Ex. A, p. 10.

96.     The OHA notes that all of the funds All in Jets received were thus "excess funds." Ex. A, p. 10.

97.     The OHA's decision on the Appeal is arbitrary, capricious, an abuse of discretion, and not in accordance with the law because the OHA failed to issue a decision rejecting the SBA's FLRD as arbitrary, capricious, an abuse of discretion, and not in accordance with the law because Trustee had provided sufficient documentation to support both eligibility for the PPP loan and forgiveness of the same.  Trustee is entitled to an order declaring the same

14

**COUNT FOUR**
**Attorney Fees**
**28 U.S.C. § 2412**

98.     Trustee incorporates the foregoing paragraphs as if fully set forth herein.

99.     Trustee is entitled to recover his attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412.

100.     As a result of Defendants' unlawful, arbitrary, and capricious actions, Trustee was required to obtain legal counsel to bring the foregoing lawsuit to obtain forgiveness of All in Jets' PPP loan.  He is therefore entitled to his reasonable and necessary attorney fees, costs, and expenses by this Court.

WHEREFORE, Plaintiff Yann Geron, the Liquidating Trustee of the JetReady Liquidating Trust, which was established pursuant to the confirmed fifth amended plan of reorganization of All in Jets, LLC, d/b/a JetReady respectfully requests this Court enter judgment in his favor and against Defendants the United States Small Business Administration, Kelly Loeffler in her official capacity as Administrator of the SBA, Scott Bessent in his official capacity as United States Secretary of Treasury, and the United States of America, and enter an Order declaring that the (1) SBA's Final Loan Review Decision was arbitrary, capricious, an abuse of discretion, and not in accordance with the law, (2) the OHA's decision overruling Trustee's Objection to the Administrative Record was arbitrary, capricious, an abuse of discretion, and not in accordance with the law, (3) the OHA's decision denying Trustee's appeal was arbitrary, capricious, an abuse of discretion, and not in accordance with the law, (4) awarding Trustee his reasonable attorney fees and costs, and for such other, further, and alternative relief as the Court deems just and equitable.

Dated: New York, New York
          July 6, 2026

By: *s/ Yann Geron*
          Yann Geron, Esq.
          Jeannette Litos, Esq.
          Geron Legal Advisors LLC
          370 Lexington Avenue, Suite 1208
          New York, New York 10017
          (646) 560-3224
          ygeron@geronlegaladvisors.com
          jlitos@geronlegaladvisors.com

          and

          Tiffany S. Beerman (*anticipated admission pro hac vice*)
          Christian D. Rush (*anticipated admission pro hac vice*)
          Dvorak Law Group, LLC
          9500 W. Dodge Rd., Ste. 100
          Omaha, NE 68114
          402-934-4770
          402-933-9630 (facsimile)
          tbeerman@ddlawgroup.com
          crush@ddlawgroup.com

Attorneys for Plaintiff

16